IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3050-BO

| | | |
|---|---|---|
| TOBIAS PAYTON, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|        Defendant. | ) | |

Tobias Payton ("plaintiff"), a federal inmate, filed this action pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671, et seq. On July 29, 2009, defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment (DE # 8), asserting that the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, and its implemented regulations, 28 C.F.R. §§ 301.301, provide the sole cause of action for plaintiff's claim. (DE # 9). Defendant attached several exhibits to the supporting memorandum. Plaintiff, through counsel, opposed the motion (DE # 13) and included an affidavit from plaintiff. Defendant replied. (DE # 15). On March 1, 2010, the court denied the motion on the ground that a material issue of fact existed regarding jurisdiction under the FTCA; specifically, whether plaintiff's maintenance crew was on the way to lunch when the accident occurred (D.E. # 16). On May 5, 2010, the court granted defendant's motion to limit discovery to jurisdictional questions (D.E. # 19). Discovery has occurred and defendant is properly before the court with a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and alternatively for summary judgment under Rule 56 of the Federal Rule of Civil Procedure (D.E. # 25).

The undisputed facts before the court are that on June 29, 2006, plaintiff was performing maintenance work at the Federal Correctional Institution ("FCI Butner") in Butner, North

Carolina, as an inmate worker. (Decl. Payton ¶ 2) Thomas Smith, a maintenance foreman at FCI Butner, was supervising plaintiff. (Id.) Plaintiff was part of a maintenance crew working on the FCI Butner II facility which had yet to open. (Id.)

On the date of the accident, as part of his work assignment, plaintiff first met up with the crew at the Facilities Shop before proceeding to work at FCI II Butner. (Plaintiff's Response to Request for Admission 8; Deposition of Thomas Smith at 9 (Exhibit D)) The Facilities Shop was where "a variety of building and landscaping supplies were kept." (Decl. Payton, ¶ 4) The area in which the crew was working was located approximately a quarter of a mile from the Facilities Shop. (Id. ¶ 3) Plaintiff's affidavit states that "lunchtime would be announced at the work site at FCI Butner II" and no further announcement that inmates were "released" to go to lunch would be made. (Id. ¶ 6) Thereafter, the inmates would return to the Facilities Shop before transfer to a pick up truck and travel approximately one mile to the cafeteria. (Id. ¶ 8) Plaintiff states that "[n]o work related activities, such as stowing tools, would take place at the Facilities Shop as the crew was going to lunch, since the tools had already been stored and secured at the work site [ie. Butner - II]." (Id. ¶ 9).

Between 10:30 a.m. and 10:40 a.m., plaintiff and his work crew traveled from FCI Butner II back to the Facilities Shop to clean up and prepare to travel to lunch. (Smith Deposition at 11). Plaintiff and another inmate were walking from the site to the Facilities Shop. (Payton Decl. ¶ 10) Mr. Smith was driving a motorized cart. (Id.) He stopped and picked up both plaintiff and the other inmate. (Id.) The group, Smith driving and the two inmates on the back, proceeded to the Facilities Shop. As they entered the Facilities Shop, Smith lost control of the cart, accidentally depressed the gas pedal instead of the brake, and hit a concrete pole. (Id., and Smith

Decl. at 2) Plaintiff was paid for the hours of 7:10 a.m. to 11:00 a.m. (Payton's Response to request for Admission 9)

The court now turns to defendant's pending motion. As in the prior order, because the court has considered matters outside the pleadings, it treats defendant's motion as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading. Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-587.

As stated in the prior order, "[t]here is no dispute between the parties as to whether the IACA provides the exclusive remedy for work-related inmate injuries; the dispute between the parties is whether Payton's injuries are properly considered 'work-related.'" The court, in the earlier order, further held:

> Under 18 U.S.C. § 4126, the IAC workers compensation system is the exclusive means of compensation for injuries suffered by inmates "in any

3

industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). "Work-related injury" is defined as "any injury . . . proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). Section 301.101 of Title 28 of the Code of Federal Regulations provides that inmate accident compensation may be awarded to inmates for injuries "sustained while performing work assignments in Federal Prison Industries, Inc., in institutional work assignments involving the operation or maintenance of a federal correctional facility, or in approved work assignments for other federal entities." 28 C.F.R. § 301.101(a). Section 301.301 also states compensation "ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment" and "compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area)." 28 C.F.R. §301.301(b) and (c).

Order at 3.

Again, the court must consider whether this injury falls within the definition of "work-related." In United States v. Demko, 285 U.S. 149 (1966), the Supreme Court held that the "prison compensation law" embodied in 18 U.S.C.A. § 4126 is the exclusive remedy for a federal prisoner injured while working, regardless of allegations of governmental negligence. While "some injuries sustained by federal prisoners are compensable under the Federal Tort Claims Act, . . . injuries sustained while working are not." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (citations omitted).

Courts have broadly construed "work-related injury." For example, the Fifth Circuit has applied the IACA to injuries that occur when individuals are traveling to lunch, provided the inmates have not completely left the work site. See Wooten v. United States, 437 F.2d 79, 80 (5th Cir. 1971) (per curiam) (holding that an inmate suffered a work-related injury while traveling in a freight elevator while on his way to lunch and rejecting inmate's "narrow construction of the words 'activity directly related to the prisoner's work assignment' as limiting

4

compensable injuries to those which occur at the work bench"). The Sixth Circuit has held that an injury taking place during a trip to or from the job site, while on the clock, qualifies as a work-related injury. See Baynes v. United States, 302 F. App'x. 334, 335-36 (6th Cir. 2008) (unpublished).

Given the totality of the facts before the court, the court finds the accident was "work-related." First, the accident occurred in an area that was a work area. Plaintiff began and ended his shifts at the Facility Shop. The shop was where the inmates "regularly cleaned themselves after working at Butner II." Plaintiff was transferred by truck to the cafeteria from the Facility Shop. Furthermore, plaintiff states that while he did not put things away at lunchtime at the Facility Shop, the shop was where "a variety of building and landscaping supplies were kept." Thus, the Facility Shop held necessary supplies for the maintenance crew.

Second, plaintiff was paid for time spent at the Facility Shop. As defendant points out, plaintiff was not paid for the half hour allocated for lunch. On the day in question, plaintiff was paid through 11 am. The accident, by all accounts occurred between 10:40 and 10:45.

Third, while standing alone not conclusive, the medical forms indicate a work related injury. See, e.g., Codinni-Robles v. United States, 2005 WL 2098831 (D. Conn. August 29, 2005).

Fourth, accepting as true plaintiff's assertion he was on his way to lunch, for the purposes of IACA, he was still working and preparing for his transfer by truck to lunch. The lunch event was a two step process, to leave the work site (Butner II) and return to the Facility Shop wherein work related activities occurred and inmates were paid, and then the transfer from the Facility Shop by truck to the cafeteria, wherein he was not paid and not undertaking work related

5

activities.

Thus, the court finds this is a work-related injury, and that IACA is the exclusive remedy against the United States for plaintiff's injuries. Accordingly, the motion for summary judgment is GRANTED (D.E. # 25) and the case is dismissed for lack of jurisdiction.

SO ORDERED. This the _26_ day of July 2011.

TERRENCE W. BOYLE
United States District Judge